IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SHANNON ISAAC,

    *Plaintiff,*

    v.

GREATER BALTIMORE MEDICAL
CENTER, INC.,

    *Defendant.*

Civil Action No. ELH-19-2607

**MEMORANDUM**

On September 9, 2019, Shannon Isaac filed suit against her former employer, Greater Baltimore Medical Center, Inc. ("GBMC"), alleging wrongful termination. ECF 1 (the "Complaint"). In particular, plaintiff alleges that GBMC retaliated against her for taking leaving under the Family Medical Leave Act ("FMLA"), 42 U.S.C. § 12101 *et seq*. *Id.* at 4-5. On February 4, 2020, I entered a Scheduling Order. ECF 20. Among other things, it set a discovery deadline of June 4, 2020. *Id.*

On April 13, 2020, the parties submitted a joint motion to extend the Scheduling Order (ECF 25), which I granted the same day. ECF 26. Pursuant to the amended Scheduling Order, the discovery deadline was extended to August 27, 2020. *Id.*

Thereafter, on August 24, 2020, the parties submitted a second joint motion to extend the Scheduling Order. ECF 31. They explained that they agreed "to extend the deadline for the close of discovery for the limited purpose of conducting depositions of Plaintiff and two of Defendant's employees." *Id.* ¶ 4. By Order of the same date, I granted the motion, extending discovery deadline to October 5, 2020. ECF 32.

On October 5, 2020, plaintiff submitted a "Motion to Extend Scheduling Order Deadlines." ECF 34; ECF 36 (Revised Motion) (collectively, the "Motion"). Plaintiff seeks "to extend the scheduling order deadline to conduct depositions on the remaining witnesses employed by Defendant." *Id.* According to plaintiff, during the two depositions of defendant's employees, conducted on October 1, 2020 and October 2, 2020, "it became clear that Defendant would not be relying solely on those two witnesses and Defendant identified other employees who it will be calling at trial." ECF 36, ¶ 4. As a result, plaintiff claims that she requires an extension of the discovery deadline until December 4, 2020, in order "to conduct depositions on the remaining [four] witnesses," identified as Joy Reynolds, Jennifer Fitchetts, Brittny Piche, and Lisa Labros, "who are still employed by Defendant and who are expected to be called as witnesses at trial." *Id.* ¶ 5.

GBMC opposes the Motion (ECF 37), supported by three exhibits. ECF 37-1 to ECF 37-3. Defendant posits that plaintiff's justification for the extension is without merit because "these are not new witnesses" and these individuals were previously identified during discovery. ECF 37, ¶¶ 2-3. In particular, defendant asserts that it identified Reynolds "as an individual with personal knowledge of relevant facts" in its answers to plaintiff's interrogatories, submitted on April 17, 2020. *Id.* ¶ 3; ECF 37-1 (Defendant's Answers to Plaintiff's Interrogatories). And, based on documents that GBMC produced on April 17, 2020, plaintiff was also made aware that Fitchett, Piche, and Lambros had provided feedback during plaintiff's performance evaluation in 2017. ECF 37, ¶ 3; *see* ECF 37-2 (2017 Performance Evaluation); ECF 37-3 (Emails, July 28, 2017).

In any event, defendant avers that it has "no intention of calling Ms. Fitchett, Ms. Piche, or Ms. Lambros as witnesses at trial" and therefore GBMC contends that plaintiff "does not need

to depose them."  ECF 37, ¶ 4. Further, defendant states it "would agree to" the deposition of Reynolds before trial if the Court denies defendant's motion for summary judgment.  *Id.* ¶ 5.

Plaintiff has not responded to defendant's opposition. *See* Docket.  And, the time to respond has expired.  No hearing is necessary to resolve the Motion.  Local Rule 105.6.  For the reasons that follow, I shall grant the Motion in part and deny it in part.

Fed. R. Civ. P. 26(b)(2)(C) provides, in relevant part: "On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action."  Notably, the Fourth Circuit has said: "A district court has 'wide latitude in controlling discovery and . . . its rulings will not be overturned absent a showing of clear abuse of discretion.'"  *Rowland v. Am. Gen. Fin., Inc.*, 340 F.3d 187, 195 (4th Cir. 2003) (quoting *Ardrey v. United Parcel Service,* 798 F.2d 679, 682 (4th Cir. 1986)) (alterations in *Rowland*).

As noted, the Court's original Scheduling Order required all discovery to be completed by June 4, 2020.  ECF 20.  However, the Court previously granted two extensions (ECF 26; ECF 32), pushing back the discovery deadline from June 4, 2020 to October 5, 2020.

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008) ("[A]fter the deadlines provided by a scheduling order have passed, the good cause standard must be satisfied to justify leave to amend the pleadings.").  The moving party may show good cause by demonstrating that the relevant deadlines "cannot reasonably be met despite the diligence of the party needing an extension."  *Vercon Constr., Inc. v. Highland Mortg. Co.*,

187 F. App'x 264, 265 (4th Cir. 2006).   "[T]he primary consideration is the diligence of the moving party." *Montgomery v. Anne Arundel Cnty., Md.*, 182 F. App'x 156, 162 (4th Cir. 2006).

Plaintiff has not established good cause to extend the deadline for discovery.   As defendant notes, since April, plaintiff has been aware of the four witnesses plaintiff seeks to depose. Yet, plaintiff chose not to depose them during the ensuing months of discovery. Despite the two extensions, it appears that plaintiff "failed to diligently" use the additional time allotted by the Court to complete the necessary discovery. *Wooton v. CL, LLC.*, 504 Fed. App'x 220, at \*223-24 (4th Cir. 2013) (affirming district court's order denying plaintiff's second motion for extension because plaintiff "failed to diligently use the additional time" allotted for discovery).

Moreover, defendant does not intend to call three of the witnesses plaintiff seeks to depose.   However, defendant does not oppose the deposition of the fourth witness, Ms. Reynolds, if summary judgment is denied.   Instead, I shall permit plaintiff to take that one deposition before the deadline for summary judgment motions.

Accordingly, I shall extend the discovery deadline until **November 24, 2020**, to permit plaintiff to depose Ms. Reynolds. And, I shall extend the summary judgment deadline to **January 6, 2021**.

An Order follows.

Date: October 28, 2020                              _____/s/_____

                                                    Ellen L. Hollander
                                                    United States District Judge

4